Wesley R. SPRATT

v.

STATE of Rhode Island.

No. 2006–134–Appeal.

Supreme Court of Rhode Island.

June 11, 2007.

Wesley R. Spratt.

Aaron L. Weisman, Providence.

**O R D E R**

The applicant, Wesley R. Spratt (Spratt or applicant), appeals the denial of his application for postconviction relief in the Superior Court. This case came before the Supreme Court for oral argument on May 14, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth below, we vacate the judgment of the Superior Court.

In February 1997, Spratt was convicted of the first-degree murder of a parking attendant in Providence. He also was convicted of two weapons-related crimes associated with the murder. The applicant was sentenced to life imprisonment for first-degree murder, ten years each for the two weapons-related offenses to run consecutively with the life sentence; and twenty years for being adjudged a habitual offender, also to run consecutively to the other sentences. This Court affirmed his convictions in *State v. Spratt*, 742 A.2d 1194 (R.I.1999).

In November 2000, applicant, then *pro se*, filed a "Notice of Post–Conviction Remedy" with the Superior Court.[1] Nearly three years later, in March 2003, applicant filed a formal application for postconviction relief pursuant to G.L. 1956 § 10–9.1–1. Later that year, Spratt also filed an application for a writ of habeas corpus with the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 2254 (2000). On applicant's *pro se* motion, he was appointed counsel to represent him in his state postconviction proceedings.

The applicant's state postconviction-relief application was set for hearing in the Superior Court on October 14, 2003. At that hearing, however, applicant insisted that the Superior Court lacked jurisdiction to consider his application and demanded that his postconviction arguments be heard instead by the Federal District Court. The Superior Court obliged, dismissing Spratt's application for postconviction relief.

Meanwhile, in Federal District Court, the State of Rhode Island filed a motion to dismiss Spratt's application for a writ of habeas corpus for failure to exhaust state remedies. In an order dated March 1, 2005, the Federal District Court denied the state's motion, but stayed Spratt's application while he exhausted his state court remedies. The Federal District Court conditioned this stay on applicant's "initiating such [postconviction relief] action, within 30 days, and diligently pursuing it to conclusion."

In accordance with the Federal District Court's order, Spratt re-filed his application for postconviction relief in the Superior Court on March 24, 2005. This application, however, was promptly dismissed by

1. It appears that applicant's November 2000 filing was intended merely to alert the Superi- or Court that a formal application for post-conviction relief would be forthcoming.

the Superior Court on April 8, 2005, because applicant previously had demanded he be allowed to voluntarily dismiss his previous application for postconviction relief. The applicant appeals this dismissal.

The applicant, in a lengthy queue of grievances, implores this Court to rule on each postconviction issue raised. We must decline.

We certainly understand the hearing justice's frustration with applicant's posttrial machinations. Specifically, his disingenuous attempt to revive his postconviction-relief application after insisting that the Superior Court had no jurisdiction to hear it is troubling.

Nevertheless, as the state aptly points out, no tribunal yet has heard the merits of the applicant's postconviction-relief arguments. Absent a record containing specific findings of fact and conclusions of law regarding each of the applicant's claims, we are left with nothing to review on appeal. See *State v. Vashey*, 912 A.2d 416, 419 (R.I.2006) ("the lack of a fully developed record from a postconviction[-]relief proceeding is fatal"). Furthermore, the Superior Court's dismissal of the applicant's first application for postconviction relief in October 2003 was without prejudice. See *Lennon v. Dacomed Corp.*, 901 A.2d 582, 591 (R.I.2006) ("Rule 41(a)(1) [of the Superior Court Rules of Civil Procedure] provides that a voluntary dismissal is without prejudice '[u]nless otherwise stated in the notice of dismissal or stipulation[.]' "). Therefore, as the state has conceded, it is only appropriate that we remand the applicant's case for a full postconviction-relief hearing on the merits.

The judgment of the Superior Court is vacated. The case shall be remanded to the Superior Court.